W. FLETCHER, Circuit Judge, concurring in the result: I concur in-the result. However, I respectfully dissent from the majority’s use of the factors articulated in Montgomery Ward & Co. v. FTC, 691 F.2d 1322, 1333 (9th Cir. 1982) (relying on Retail, Wholesale and Department Store Union v. NLRB, 466 F.2d 380, 390-93 (D.C. Cir. 1972)), to review a decision of the National Labor Relations Board to apply only prospectively a new rule declared in-an adjudicative proceeding. Prior to its decision in this case, the Board reviewed arbitral decisions under a highly deferential standard. .During the administrative appeal in this case, the Board changed its standard so that it now reviews arbitral decisions less deferentially.’ However, the Board declined to apply its new standard to the case before it, Appellant, who lost the arbitration, and who lost before the Board when it applied its highly deferential standard, asks us to hold that the Board erred in refusing to apply its new standard to her case. Citing Oil, Chemical & Atomic Workers Int’l Local 1-547 v. NLRB, 842 F.2d 1141, 1145 n.2 (9th Cir. 1988), the majority reviews de novo the Board’s decision to apply its new standard only prospectively. In Oil, Chemical, we used the factors articulated in Montgomery Ward in reviewing the Board’s decision to apply its new rule retroactively. Id. at 1145. Consistent with Oil, Chemical, we have applied the Montgomery Ward factors to review agency decisions to apply retroactively new rules developed in agency adjudication. See, e.g., Garfias-Rodriguez v. Holder, 702 F.3d 504, 520-23 (9th Cir. 2012) (en banc). The majority applies these factors in its review today. However, we have never' applied the Montgomery Ward factors to review an agency’s decision to apply only prospectively a new rule developed in adjudication. Retroactive application of a new rule in an adjudicative proceeding raises obvious concerns of fairness, which we explicitly invoked in Oil, Chemical: [I]t is inappropriate to apply retroactively the new ... standard to interpret the collective bargaining agreement in this case, since the new placement of the presumption [under the new standard] could not have been anticipated by the parties and thus could not have been their intent. Id. at 1144. Prospective application of a new rule developed in adjudication does not raise these concerns. If a rule is new, the parties could not have relied on it when they engaged in the conduct that later became the subject of the adjudicative proceeding. Prospective-only application of a new rule declared in agency adjudication raises different concerns. The Administrative Procedure Act allows an agency to declare interpretive rules in adjudication, but requires notice-and-comment, procedure for the promulgation of legislative .rules. An agency does not have the authority to declare prospective-only legislative- rules through adjudication, for such rules avoid the required notice-and-comment rulemak-ing procedure. See NLRB v. Wyman-Gordon, 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (holding invalid a legislative rule developed in agency adjudication). I would not analyze the prospective-only application of the NLRB’s new rule under the Montgomery Ward framework, which addresses concerns of fairness arising out of retroactive application. I would, instead, address the prospective-only application of the new rule under the Wy-man-Gordon framework, which addresses concerns of informed and deliberate agency rulemaking.